## Inter-Ocean Casualty Company v. Dunn.

(Decided March 22, 1927.)

### Appeal from Perry Circuit Court.

1. Insurance.—Stipulation in application for accident insurance that insurance should not come into effect until first monthly payment had been made held enforceable as contract of parties not contrary to public policy.
2. Insurance.—Delivery by insurance applicant to insurance company's agent of written order on employer for payment of premiums held not first payment required by application to be made as condition to taking effect of insurance, where it was not shown order had been accepted by employer, it not being inferable that insurance company had elected to treat order as payment of premium.
3. Assignments—Employee's order on employer, to pay premiums on insurance policy was revocable by employee at any time before acceptance.

T. E. MOORE, JR., for appellant.

DUFF & DUFF and G. A. EVERSOLE for appellee.

Opinion of the Court by Judge McCandless—Reversing.

In this action to recover upon an accident insurance policy the law and facts were submitted to the court and judgment rendered for plaintiff for the sum of $900.00. The defendant appeals.

The policy was issued by the West Virginia and Kentucky Insurance Agencies of Huntington, W. Va., representing the Inter-Ocean Casualty Company of Cincinnati, Ohio, in acknowledgment of the receipt of $1.00 issuing fee and a monthly premium of $3.75 and the statements and agreements in the application, a copy of which was endorsed on and made a part of the policy contract. The application contains the following provision:

"I agree that the insurance applied for shall not come into effect until this application is approved by the company and until the first monthly payment has been paid (or charged to me on the books of my employer), and that no claim will be valid unless such payment has been made (or charged to me) before disability occurs. If approved my policy shall date from 6-24-24 A. D., at 12:00 o'clock noon, subject to conditions as to payment of premiums."

Simultaneously with the application the applicant executed and delivered to the company's agent a written order on his employer for the payment of premiums, this apparently being printed in blank form on the same sheet of paper with the application, both being endorsed on the policy. It reads:

"6-24-24.    To Carrs Fork Coal Co., Allock, Ky.
"For value received I hereby assign to the West Virginia Agency, Huntington, W. Va., agents for the Inter-Ocean Casualty Company, $4.75 out of my wages for the current month in payment of policy fee and premium on insurance applied for today in said company, the $3.75 out of each future month's wages in payment of the monthly premiums necessary to keep my insurance in force, which sums you are authorized to pay said agent. I agree that this order shall not be cancelled until after the first payment has been made, and only then at the end of any month by ten days' written notice from me to the company or the said agents."

The general agent for appellant company was present at the time this application was executed and received it and the written order. It is admitted that the Huntington office had authority to accept and approve the application and issue the policy, and that the above mentioned agent did this at Huntington, on the 26th of June, though it does not appear at what time of the day.

Dunn suffered a broken leg and other serious injuries by accident occurring in the mine of the Carrs Fork Coal Company on the 26th of June. For this he gave proper notice and otherwise proceeded in accordance with the provisions of the policy, and it is conceded that he is entitled to recover, and that the judgment was proper if the policy was in force at the time of the injury; but it is insisted that the policy was not in effect because at that time the first premium had not been paid or charged to the applicant on the books of his employer.

The stipulation in the application quoted *supra* is the contract of the parties. It is clear and unambiguous, and, as it violates no rule of law or public policy, must be given effect; and unless there is evidence showing that the premium was paid, or charged on the company's books before the injury plaintiff cannot recover. It is not proven that the premium was so charged within that time, nor do the facts and circumstances authorize a legal inference of payment. In this respect the evidence is fragmentary. Neither of the agents of the coal company has testified. There is no proof as to how or when the policy was delivered to the applicant, and no evidence as to whether or when the agent of the insurance company presented the order to the coal company for acceptance, though it may be inferred that this was done from the fact that on the 30th of June the coal company notified the applicant that the premium would be charged to him and that it did charge the first premium and subsequent premiums to his account after the first of July. From the conduct of the insurance company in approving the application and issuing the policy on June 26th, in which the payment of premium is acknowledged and the delivery of the policy to the applicant, we may surmise that it had in the meantime presented the order to the coal company and procured its acceptance and that it elected to treat this as a payment of the premium. But in the absence of evidence we cannot assume that the order was so presented to and accepted by the coal com-

pany, and as the applicant could have revoked the order at any time before such acceptance without incurring any liability thereon, we cannot legally infer from the evidence that the insurance company had elected to treat the order as a payment of the premium.

It follows that the court erred in its finding of fact that payment was made, and for this reason the case must be reversed. As this is a common law action it is reversed and cause remanded for proceedings in a new trial consistent with this opinion.